

DEFENDANT'S EXHIBIT 1

# TALLAHASSEE POLICE DEPARTMENT
## GENERAL ORDERS MANUAL

| | SUBJECT<br>Use of Force | |
| --- | --- | --- |
| | CHIEF OF POLICE<br>*Signature on File* | |
| **NUMBER**<br>60 | **ISSUE DATE**<br>10/29/2001 | **REVISION DATE**<br>9/30/10 | **TOTAL PAGES**<br>8 |

### AUTHORITY/RELATED REFERENCES

Chapter 776, Florida State Statutes, Justifiable Use of Force
General Order 29, Internal Affairs and Administrative Investigations
General Order 61, Weapons
General Order 63, Officer Action Resulting in Death or Serious Injury
General Order 70, Firearms
FDLE/CJST Defensive Tactics Training Guide

### ACCREDITATION REFERENCES

CALEA Chapter     1, 11

### KEY WORD INDEX

| | |
| --- | --- |
| **Continuum of force** | Procedure V |
| **Deadly Force** | Procedure IV |
| **Internal Affairs Investigations** | Procedure VIII |
| **Less-lethal force** | Procedure III |
| **Medical aid** | Procedure VI |
| **Non-deadly Force** | Procedure II |
| **Reasonableness** | Procedure I |
| **Shooting an animal** | Procedure IV |
| **Use of Force Report** | Procedure VII |

### POLICY

Officers of the Tallahassee Police Department, in the course of performing their duties, will use only the amount of force necessary to overcome and control the actions of resistive suspects.

### DEFINITIONS

**TALLAHASSEE POLICE DEPARTMENT**

**Deadly Force**: Any force likely to cause great bodily harm or death.

**Empty hand strikes**: Any variety of strikes, punches, or kicks delivered without the use of an impact weapon.

**Force**: The amount of "active power, strength or energy" necessary to overcome a suspect's physical resistance.

**Great bodily harm**: An injury likely to result in permanent disability, impairment, or significant disfigurement.

**Less-lethal firearm**: Any firearm utilizing less lethal munitions.

**Less-lethal force**: Any force utilizing a firearm loaded with less lethal munitions.

**Less-lethal munitions**: Any projectile designed to stun, temporarily incapacitate, or cause temporary discomfort to a person without penetrating their body.

**Non-deadly Force**: Any force other than deadly force.

**PROCEDURES**

I. GENERAL GUIDELINES

   A. Each officer is trained in the use of a continuum of force (see section V), and shall only use that force necessary to accomplish lawful objectives, and any use of force shall be reasonable for the situation facing the officer.

   B. This policy is a guide to selecting effective, reasonable and legal force options during verbal or physical encounters. As a suspect increases his/her resistance level, an officer may have to increase the level of his/her response until resistance ceases or the officer is able to gain control of the suspect. As soon as suspect compliance is gained, officers must de-escalate their force response to a level necessary to maintain control of the suspect.

   C. The guidelines in this policy are intended for internal department use only. They do not create a higher legal standard of safety or care with respect to third parties, and they are not to be applied in any civil or criminal proceeding.

**GENERAL ORDER 60-2**

**TALLAHASSEE POLICE DEPARTMENT**

---

D. A violation of this policy will be grounds for administrative discipline only. A violation of the law may be the basis for civil or criminal penalties.

E. The determination of whether or not an officer has used force that was reasonably necessary must be done on a case-by-case basis. Factors that may be used in such a determination include:

   1. The officer's justifications for his/her actions prior to the use of force.

   2. The officer's level of training and experience.

   3. The officer's perceptions at the time of the incident.

   4. The suspect's reaction to police presence or actions.

   5. The type of incident being investigated by the officer.

   6. The time of day, particularly if late at night.

   7. The lighting conditions at the time of the incident.

II. NON-DEADLY FORCE

   A. Where the use of deadly force is not authorized, officers shall assess the incident to determine which non-deadly technique or weapon they believe will best bring the incident under control.

   B. Officers are authorized to use Department-approved non-deadly force techniques and weapons to:

      1. Protect themselves and other persons from physical harm.

      2. Restrain or subdue a suspect who is resisting.

      3. Bring an unlawful situation under control.

III. LESS-LETHAL FORCE

   A. Officers may use less-lethal force when a potential deadly force situation exists and the:

      1. Application of deadly force is not imminent.

      2. Only other force option reasonably available is deadly force.

---

**GENERAL ORDER 60-3**

**TALLAHASSEE POLICE DEPARTMENT**

---

    3. Application of less lethal force is reasonably necessary to control the suspect or contain the situation.

  B. Officers deploying a less-lethal firearm, when practical, shall notify their supervisor prior to deployment.

  C. Officers deploying a less-lethal firearm must have successfully completed a less-lethal firearms training course and maintain current proficiency in its use.

IV. DEADLY FORCE

  A. Officers may use deadly force only when they reasonably believe it is necessary to prevent great bodily harm to themselves or another person, or defend their life or the life of another person from an imminent threat.

  B. When feasible, before discharging a firearm, officers shall identify themselves and the intent to shoot.

  C. Except for maintenance, training, inspections, or competitive events, officers shall not draw or exhibit their firearms unless circumstances create reasonable cause to believe that it may be necessary to use the firearm to prevent great bodily harm to themselves or another person, or defend their life or the life of another person.

  D. Gunshots at or from moving vehicles are strongly discouraged.

  E. Warning shots are prohibited.

  F. Officers may discharge their firearms to destroy an animal that represents a threat to the public safety or as a humane measure when the animal is seriously injured. The following requirements shall be met:

    1. Supervisory approval in advance is required, unless the animal is an imminent threat to the officer or a citizen.

    2. Animal Control officers are not available within a reasonable time.

    3. The animal can be destroyed without risk to the public.

    4. The officer is currently qualified with the firearm to be used.

    5. The Watch Commander shall be notified of the incident.

---

**GENERAL ORDER 60-4**

**TALLAHASSEE POLICE DEPARTMENT**

V. CONTINUUM OF FORCE

The following continuum of force provides officers with relevant information regarding a suspect's actions and an officer's response to those actions.

A. Levels of resistance by a suspect

*Level 1. Presence*: The suspect is on the scene of suspicious activity or involved in any event which may necessitate police contact.

*Level 2. Verbal Resistance*: The suspect verbally refuses to comply with an officer's requests/orders.  The suspect may threaten the officer with further resistance.

*Level 3. Passive Physical Resistance*: The suspect has refused to comply or respond.  The suspect does not make any attempt to physically defeat the actions of the officer, but forces the officer to employ physical control maneuvers to establish control.

*Level 4. Active Physical Resistance*: The suspect makes physically evasive movements to defeat the officer's attempt at control.  This may be in the form of bracing or tensing, attempts to push or pull away, running away, or not allowing the officer to get closer to him/her.  It also includes linked arms.

*Level 5. Aggressive Physical Resistance*: The suspect becomes assaultive, hostile, or makes attacking movements.  This includes pushing, kicking, grabbing, and any other attacking actions reasonably perceived to be directed at the officer.  This level of resistance causes the officer to feel these attacks may cause injury, but are not likely to cause death or great bodily harm to the officer or others.

*Level 6. Aggravated Physical Resistance*: The suspect makes overt, hostile, attacking movements, with or without a weapon, with the apparent intent and ability to cause death or great bodily harm to the officer or others.  This includes biting.

B. Levels of response by officers

*Level 1. Officer Presence*: The officer is on scene in uniform, or displaying proper identification to indicate to the suspect that he/she is in contact with a law enforcement officer.  This includes verbal identification by the officer.

**GENERAL ORDER 60-5**

**TALLAHASSEE POLICE DEPARTMENT**

---

*Level 2. Verbal Direction/Commands*: Verbal communication between the officer and suspect where the officer gives the suspect a lawful order to perform a specific act. The officer may use a soft assisting touch when directing.

*Level 3. Physical Control*: Wrist locks and "transporters", distraction and take down techniques, pain compliance measures, and chemical agents/O-C spray may be used by the officer to physically control the suspect. An increase in the level of resistance by the suspect struggling may cause the officer to respond with empty hand strikes to the suspect. These strikes should be directed toward areas such as motor points, which are likely to assist in gaining compliance. Examples of empty hand strikes are vertical punches, shin kicks, and knee spikes.

*Level 4. Intermediate Level*: The officer applies a baton, electronic control device, or flashlight (used as an impact weapon) to control the suspect.

*Level 5. Incapacitation Control*: The officer employs techniques, such as a strike to a major nerve area, with or without an impact weapon, with the intent to stun, temporarily disable, or render a suspect temporarily unconscious. Incapacitating strikes may have moderate potential for physical harm. The officer discharges a less lethal firearm containing less lethal munitions.

*Level 6. Deadly Force*: This is best illustrated when the officer must shoot or strike the suspect in a manner that is likely to cause death or great bodily harm, in compliance with Chapter 776, Florida State Statutes. Strikes, with or without an impact weapon, delivered to the spine, throat, eyes, or groin are considered deadly force. The Enhanced Vascular Neck Restraint (EVNR) is considered deadly force.

C. Firearms may be drawn by officers, when they reasonably believe it may be necessary to prevent great bodily harm to themselves or another person, or to defend their life or the life of another person. This decision may be made at any level in the force continuum and is not to be associated with any one particular level. The pointing of a firearm at an individual is not the application of deadly force and only becomes deadly force when the firearm is discharged.

D. Officers may exercise a variety of force options during an encounter with a suspect. Officers may enter the use of force continuum at any level they believe reasonable and necessary to control the suspect. The officer may escalate or de-escalate via the use of force guidelines in an attempt to control the suspect for arrest.

---

**GENERAL ORDER 60-6**

**TALLAHASSEE POLICE DEPARTMENT**

---

    E. Officers must also be aware of the option to de-escalate to the point of disengaging contact if circumstances indicate that such action is appropriate (e.g., when the officer has met a superior resistance and needs to await the arrival of backup officers).

VI.    MEDICAL AID

Officers shall provide appropriate medical aid after use of force encounters, to include assessment, first aid, or summoning of E.M.S., for the officer, arrestee or other persons in need.

VII.    USE OF FORCE REPORT

    A. A Use of Force Report shall be completed when officers:

        1. Take action that results in, or is alleged to have resulted in, the injury or death of another person.

        2. Apply force through the use of non-lethal weapons (impact weapon, chemical agent, electronic control device, K-9 bite) to the extent it is likely to cause or lead to injury, claim of injury, or allegations of excessive force.

        3. Apply force through the use of weaponless physical force (linier restraint, EVNR) to the extent it is likely to cause or lead to injury, claim of injury, or allegations of excessive force.

        4. Discharge a firearm or less lethal firearm other than during departmentally sanctioned firearms training or departmentally sanctioned recreational competitions.

        5. Remove their handgun from the holster or their shoulder firearm is deployed for use, and there is a subsequent citizen/suspect encounter or confrontation.

        6. Deploy less-lethal firearms on a scene as a force option.

    B. When required to complete a Use of Force Report, as outlined above, officers shall submit the report to their supervisor before the end of the tour of duty.

    C. If the officer's supervisor is not available, the officer shall submit the Use of Force Report to a supervisor before the end of the officer's tour of duty.

---

**GENERAL ORDER 60-7**

   D. If the involved officer is incapacitated due to injury, or otherwise cannot immediately complete the Use of Force Report, the requirement in paragraphs B and C shall be modified as determined by the officer's chain of command.

   E. Once completed by the officer, the Use of Force Report shall be forwarded through the officer's Chain of Command to the appropriate Watch Commander or Division Lieutenant.

   F. Multiple officers using force in a single incident may document their actions on a single Use of Force Report, even if the levels of force were different for the involved officers. However, it is the responsibility of each involved officer to ensure their use of force is properly documented in the Use of Force Report.

VIII. INTERNAL AFFAIRS INVESTIGATIONS

   A. Anytime the use of force by an officer involves a shooting, or other action that results in injuries likely to cause death or serious bodily harm, or a death occurs as the result of a use of force, the procedures outlined in General Order 63 shall be followed.

   B. The Internal Affairs Unit and the Training Section will conduct regular reviews of use of force incidents to ascertain policy and training needs.

   C. All use of force incidents shall be reviewed and/or investigated by the Internal Affairs Unit to determine if:

     1. Departmental rules, policies, or procedures were followed.

     2. The relevant policy is clearly understandable and effective to cover the situation.

     3. Departmental training is currently adequate to address the situation encountered.

   D. All findings of policy violations or training inadequacies shall be reported to the appropriate unit for resolution or discipline.